Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANEICE WILLIAMS, | Case No.: 2:23-CV-02906-AC |
| Plaintiff, | **Joint Status Report** |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS; SOUTH STATE BANK, N.A. f/k/a ATLANTIC CAPITAL BANK, N.A.; and DOES 1 through 10, inclusive, | |
| Defendants. | |

**1.   Service of process on parties not yet served**

Plaintiff served all Defendants

**2.   Jurisdiction and venue**

Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue

1
Joint Status Report

in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

**3.     Whether the action is required to be heard by a District Court composed of three Judges, see L.R. 203, or whether the action draws in issue the constitutionality of a statute or regulation under circumstances requiring notice as set forth in 28 U.S.C. § 2403, Fed. R. Civ. P. 5.1 or L.R. 132**

Not applicable

**4.     A Statement as to the Possible Joinder of Additional Parties and Amendment**

The parties do not anticipate joining any additional parties.  The parties do not anticipate amending the pleadings.

**5.     The formulation and simplification of the issues, including elimination of frivolous claims and defenses**

Not applicable

**6.     The appropriateness of any variance from the usual filing and service requirements applicable to the action**

None from the usual. The parties agree to electronic service. The parties agree that discovery should be produced in an accessible, secure, and convenient manner.  Defendants and Plaintiff agree that they will discuss production of ESI if and when discovery of ESI is triggered.

The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary email addresses for all counsel of record.  The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf).  If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means. Hard copies of all electronically served documents will be made available to any party upon request.

**7. The disposition of pending motions, the timing of a motion for class certification, see L.R. 205, the appropriateness and timing of summary adjudication under Fed. R. Civ. P. 56, and other anticipated motions**

There are no pending motions, although South State Bank, N.A. fka Atlantic Capital Bank, N.A. has not filed a responsive pleading yet and is contemplating a Motion to Strike re punitive damages. The parties reserve their right to file motions for summary judgment after the close of discovery.

Experian does not anticipate filing a motion to add additional parties, amend its pleadings, dismiss for a lack of jurisdiction, or to transfer venue, but it reserves the right to do so. Experian also reserves the right to file dispositive motions.

**8. Propriety of initial disclosures as contemplated by Fed. R. Civ. P. 26(a)(1); results of the initial discovery conference; anticipated or outstanding discovery, including the necessity for relief from discovery limits; and the control and scheduling of discovery, including deferral of discovery whether to hold further discovery conferences, and other orders affecting discovery pursuant to Fed. R. Civ. P. 26 and 29 through 37**

The parties anticipate serving their initial disclosures within two weeks of the filing of the joint report. The parties anticipate taking party depositions and written discovery. The parties do not request relief from discovery limits and request no special instructions regarding scheduling of discovery. The parties anticipate production of confidential, trade secret, and/or commercially sensitive information during the pendency of this action. The parties anticipate submitting a stipulated protective order to aid in the discovery process.

**9. The avoidance of unnecessary proof and of cumulative evidence, and limitations or restrictions on the use of testimony under Fed. R. Evid. 702;**

Not applicable

//
//
//

**10.     The possibility of obtaining admissions of fact and of documents that will avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings from the Court on the admissibility of evidence**

    Not applicable at this time.

**11.     Further proceedings, including setting dates for further conferences, for the completion of motions and discovery and for pretrial and trial; the appropriateness of an order adopting a plan for disclosure of experts under Fed. R. Civ. P. 26(a)(2), Cal. Civ. Proc. Code § 2034.210 et seq., or an alternative plan; and the appropriateness of an order establishing a reasonable limit on the time allowed for presenting evidence**

    The parties request a fact discovery cut-off of November 30, 2024. The parties request an expert discovery cut-off of December 31, 2024.  The parties request that dispositive motions be filed by January 31, 2025. The parties request a pretrial conference date of March 3, 2025 and trial date of April 7, 2025. The parties are also agreeable to the Court entering a scheduling order without the need for a hearing. A party will file a motion requesting additional conference dates if those become necessary.

**12.     Modification of the standard pretrial procedures specified by these Rules because of the relative simplicity or complexity of the action**

    Not applicable

**13.     The appropriateness of an order for a separate trial pursuant to Fed.R. Civ. P. 42(b) with respect to a claim, counterclaim, cross-claim, or third-party claim, or affirmative defense, or with respect to any particular issue in the action**

    Not applicable at this time.

**14.     The appropriateness of an order directing a party or parties to present evidence early in the trial with respect to a manageable issue that could, on the evidence, be the basis for a judgment as a matter of law under Fed. R. Civ. P. 50(a) or a judgment on partial findings under Fed. R. Civ. P. 52(c)**

    Not applicable at this time.

//

**15. Appropriateness of special procedures such as reference to a special master or Magistrate Judge or the Judicial Panel on Multidistrict Litigation, or application of the Manual for Complex Litigation**

Not applicable

**16. The prospects for settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or these Rules, provided, however, that counsel shall not, in the absence of a written stipulation, reveal any offers made or rejected during settlement negotiations, and counsel shall specify whether they will stipulate to the trial Judge acting as settlement judge and waive any disqualification by virtue thereof**

The parties will negotiate in good faith to resolve this matter and are open to utilize Alternative Dispute Resolution.

**17. The appropriateness of alternate dispute resolution, such as this District's Voluntary Dispute Resolution Program (VDRP), or any other alternative dispute resolution procedure**

The parties request a Mandatory Settlement Conference a week after the close of fact discovery. Should the need arise for an early settlement conference, a part will communicate with the Court to request one.

**18. Any other matters that may facilitate the just, speedy and inexpensive determination of the action**

Not all parties agree to a magistrate judge presiding over the case

DATED: February 23, 2024          ____s/ Jeremy S. Golden_____
                                  Jeremy S. Golden
                                  Attorney for Plaintiff

DATED: February 23, 2024          ____s/ Amy Lopez_____
                                  Amy Lopez
                                  Attorney for Defendant Experian Information
                                  Solutions, Inc.

DATED:  February 23, 2024        ___s/ Alice Hodsden_____
Alice Hodsden
Attorney for Defendant Equifax Information Services, LLC

DATED:  February 23, 2024        ___s/ Kyle Pietrzak_____
Kyle Pietrzak
Attorney for Defendant Trans Union, LLC

DATED:  February 23, 2024        ____s/ Pavel Ekmekchyan_____
Pavel Ekmekchyan
Attorney for Defendant Cellco Partnership d/b/a Verizon Wireless

DATED:  February 23, 2024        ____s/ Joan C. Spaeder-Younkin_____
Joan C. Spaeder-Younkin
Attorney for Defendant South State Bank, N.A. f/k/a Atlantic Capital Bank, N.A.